IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANTONIO RASHAD JOHNSON, | ) | |
| #277 414, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:13-CV-290-WHA |
| | ) | [WO] |
| ANDY HUGHES, *et al.*, | ) | |
| | ) | |
|     Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate currently incarcerated at the Easterling Correctional Facility in Clio, Alabama, filed this 42 U.S.C. § 1983 action on April 26, 2013, against Sheriff Andy Hughes, Lieutenant Kirskey, and Sergeant Buchman. He complains that Defendants failed to protect him from an inmate assault while he was incarcerated at the Houston County Jail in June 2011. Plaintiff seeks trial by jury and requests damages, witness fees, attorneys fees, and court costs. Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

**I. FACTS**

Plaintiff brings this damages action against Defendants Hughes, Kirskey, and Buchman, claiming that they violated his Eighth Amendment rights and acted negligently by

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

housing him in a cell with a convicted inmate. According to the complaint, on June 15, 2011, Plaintiff was placed in a cell with Tawuan Townes, a convicted death row inmate who was waiting to be transferred to state prison. The next day, inmate Townes assaulted Plaintiff by beating him about his head. Officer Pike noticed the altercation and proceeded to run into the cell "and got Tawuan Townes off of [Plaintiff]." Plaintiff was then escorted out of the cell and moved to another location in the jail. (*Doc. No. 1*.)

## II. DISCUSSION

Prison officials have a duty not to disregard a known risk to inmate safety. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Brown v. Hughes*, 894 F.2d 1533 (11th Cir. 1990). "It is not, however, every injury suffered by one inmate at the hands of another that translates into a constitutional liability for prison officials responsible for the victim's safety." *Farmer*, 511 U.S. at 834. A constitutional violation occurs only when a plaintiff establishes the existence of "a substantial risk of serious harm, of which the official is subjectively aware, . . . and [that] the official does not respond[] reasonably to the risk'...." *Marsh v. Butler County*, 268 F.3d 1014, 1028 (11th Cir. 2001) (*en banc*), quoting *Farmer*, 511 U.S. at 844.[2]

---

[2] It is not clear from the complaint whether, at the time the actions about which Plaintiff complains occurred, he was incarcerated in the Houston County Jail as a pretrial detainee or a convicted prisoner. If Plaintiff were a pre-trial detainee at the time of the incident, the Fourteenth Amendment, rather than the Eighth Amendment provides the appropriate standard for assessing whether conditions of confinement imposed upon him were violative of the Constitution. *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861 (1979); *Lancaster v. Monroe County, Ala.*, 116 F.3d 1419, 1425 n.6 (11th Cir. 1997); *Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996) ("Claims involving the mistreatment of arrestees or pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause...."). For analytical purposes, however, there is no meaningful difference between the analysis required by the Fourteenth Amendment and that required by the Eighth Amendment. *Hamm v. DeKalb County*, 774 F.2d 1567, 1574 (11th Cir. 1985); *Cottrell*, 85 F3d at 1490 ("[T]he applicable standard is the same, so

According to the factual allegations contained in the present action, Plaintiff was unexpectedly assaulted by his cellmate. A jailer quickly responded to the incident, removed Plaintiff from the cell, and placed him in another location. The facts alleged in the complaint reflect that the incident in question was spontaneous, which thereby discharges defendants of the Eighth Amendment duty to protect Plaintiff as he has not demonstrated that any named defendant acted with deliberate indifference. Plaintiff, therefore, fails to state a claim against Defendants under the Eighth Amendment with regard to the June 16, 2011, incident. Furthermore, any claim that jail officials should have done more, under the circumstances presented, goes beyond the constitutional imperative against ignoring a potential threat and amounts only to a claim that jail staff were negligent. Negligence, however, is not actionable in a complaint filed under 42 U.S.C. § 1983. The present matter is, therefore, due to be dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). *Daniels v. Williams*, 474 U.S. 327 (1986); *Moore v. Winebrenner*, 927 F.2d 1312 (4th Cir. 1991); *Neitzke v. Williams*, 490 U.S. 319 (1989).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case

---

decisional law involving prison inmates applies equally to cases involving arrestees or pretrial detainees."). Thus, this court relies on cases interpreting the Eighth Amendment's prohibition against cruel and unusual punishment and not the Fourteenth Amendment's guarantee of due process when addressing Plaintiff's failure to protect claim because the standard for violations of the Eighth Amendment applies to pretrial detainees through the Due Process Clause of the Fourteenth Amendment. *Tittle v. Jefferson County Commission*, 10 F.3d 1535, 1539 (11th Cir. 1994) (observing "[w]hether the alleged violation is reviewed under the Eighth or Fourteenth Amendment is immaterial.").

be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

It is further

ORDERED that Plaintiff may file an objection to the Recommendation **on or before August 12, 2013**. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 29th day of July, 2013.

                                                /s/ Susan Russ Walker
                                                SUSAN RUSS WALKER
                                                CHIEF UNITED STATES MAGISTRATE JUDGE