IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANTONIO RASHAD JOHNSON, #277414, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  1:13cv290-WHA |
| | ) | (WO) |
| ANDY HUGHES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>ORDER</u>**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #9), entered on July 29, 2013, and the Plaintiff's Objection (Doc. #11), filed on August 7, 2013 by placing in the prison mail.

After a *de novo* review, the court finds the objection to be without merit, and it is due to be overruled.

This § 1983 complaint alleges a failure to protect claim. Plaintiff claims that he was put in a cell with a convicted death row inmate (Tawaun Townes) who ended up assaulting him not long after the two were housed together.  The Magistrate Judge has recommended dismissal of the complaint on the ground that Plaintiff's allegations reflect that the incident was spontaneous, and the Plaintiff has not otherwise alleged or indicated in his Objection, that any of the named defendants acted with the requisite deliberate indifference in regard to the incident in question which, would violate Defendants' Eighth Amendment duty to protect Plaintiff.  The Magistrate Judge further determined that any claim that jail officials should have done more, under the circumstances presented, went beyond the constitutional imperative against ignoring a potential

threat and amounted only to a claim that jail staff were negligent.  As explained in the Recommendation, negligence is not an actionable claim in a complaint filed under 42 U.S.C. § 1983.

In his Objection, Plaintiff appears to challenge the determinations made in the Recommendation by arguing that placing him in a cell with an inmate sentenced to death is inherently dangerous and defendants, therefore, should have known he would be assaulted or was likely to be assaulted by inmate Townes and they ignored the inherent risk. He claims in his Objection that he told one of the named defendants that he did not want to be put in the cell with inmate Townes due to the fact he had just been sentenced to death.  However, an inmate "normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety." *McGill v. Duckworth,* 944 F.2d 344, 349 (7th Cir. 1991); *overruled in part on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1994). An "official's failure to alleviate a significant risk that he should have perceived but did not," however, does not constitute deliberate indifference. *Id.* at 838.  *See also Rich v. Bruce*, 129 F.3d 336, 339-40 (4th Cir. 1997) (unless a prison official actually makes the  inference that a substantial risk of serious harm exists, he does not act with deliberate indifference even where his actions violate prison regulations or can be described as stupid or lazy).

In this case, Plaintiff fails to offer any facts tending to indicate that Defendants knowingly disregarded an obvious threat to his safety or acted or failed to act in a manner precisely for the purpose of placing him in harm's way.  Because Plaintiff has not alleged that the named defendants were aware that inmate Townes posed a risk to his safety, that they ignored any known risk in this regard, or that they acted with deliberate indifference or reckless disregard

to his safety, he provides no basis on which to reject the findings and conclusions in the Recommendation.

For the reasons stated, it is hereby ORDERED as follows:

1. Plaintiff's Objection is OVERRULED.

2. The court ADOPTS the Recommendation of the Magistrate Judge.

3. This case is DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

DONE this 27th day of September, 2013.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE